**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**AHMED HMEIMED,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26cv1057**

**MARKWAYNE MULLIN, *et al.***

**Respondents.**

## REPORT & RECOMMENDATION FOR DISMISSAL

This matter was initiated by a document submitted by pro se Petitioner Ahmed Hmeimed ("Petitioner" or "Hmeimed") titled, "Motion for Release" which the court construed as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and docketed. (ECF No. 1). Hmeimed is an immigration detainee who was housed at Farmville Detention Center when he filed the Petition. His petition seeks immediate release from ICE custody. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 4).

According to Hmeimed's original Petition he first filed for habeas relief while detained awaiting removal in Arizona. Pet. at 1. He was granted relief, with the District Court finding under Zadvydas, that his removal was not reasonably foreseeable. He was released from ICE custody on May 7, 2026. Id., Ex. J, Order, Hmeimed v. Rokoski, No. cv-26-2906 (D. Ariz. May 7, 2026). He was rearrested on August 19, 2026, following a new Order of Removal. Id., Ex. H, Order of Immigration Judge (June 18, 2026).

Hmeimed filed the current Petition on September 22, 2026, but it was not received by this court until September 28, 2026. Thereafter, on October 6, 2026, the court referred the matter to me for a Report and Recommendation—simultaneously ordering that the Defendant not be removed from the District absent further order of the court. Order (ECF No. 5).

By Order entered October 7, 2026, the court directed Respondents to file an answer to the Petition. (ECF No. 5). On October 21, 2026, Respondents filed a Response in Opposition to the petition. (ECF No. 7). The Opposition and supporting exhibits state that Hmeimed was removed from the United States on September 23, 2026—the day after his petition was signed, and before it reached the court—and he is no longer in ICE custody. Executed Warrant of Removal (ECF No. 7-1, at 2). As a result, Respondents seek to have Hmeimed's petition dismissed as moot for lack of subject matter jurisdiction.

Federal courts only have jurisdiction to adjudicate actual ongoing cases or controversies. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."). A moot action does not qualify as an "active case or controversy." Watson v. INS, 271 F. Supp. 2d 838, 839 (E.D. Va. 2003) (quoting Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1977)); Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." (citing DeFunis v. Odegaard, 416 U.S. 312, 316 (1974))). A case where parties "lack a legally cognizable interest in the outcome" is moot. Powell v. McCormack, 395 U.S. 486, 496 (1969). Further, a case can become moot due to a change in the facts or law. J.W. v. Knight, 452 F. App'x 411, 414 (4th Cir. 2011) (citing Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983)). Here, a change in facts has rendered the case moot.

Because it appears Hmeimed has been deported and released from ICE custody, his petition has been rendered moot. Accordingly, the Report recommends that his petition be DISMISSED AS MOOT.

By copy of this report and recommendation, the Petitioner is notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

Petitioner is further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the Petitioner at address on file with the court.

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
October 23, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to the Petitioner at the addresses listed below:

**Ahmed Hmeimed**
**A#249 410 129**
**Farmville Detention Center**
**P.O. Box N**
**Farmville, VA 23901**

And an electronic copy provided to:

**Christian James Cooper**
**DOJ-USAO**
**2100 Jamieson Avenue**
**Alexandria, VA 22314**

Fernando Galindo, Clerk

By /s/ J. L. Meyers
Deputy Clerk

October 23, 2026